## MONSERRAT v. FOOTE, DISTRICT JUDGE.

### APPLICATION for writ of *certiorari*.

#### No. 77.—Decided June 21, 1911.

INJUNCTION—RESTRAINING ORDER AND ORDER TO SHOW CAUSE.—In this case the lower court issued an order for the defendant to appear on a certain day and show cause why the injunction applied for should not issue and in the meantime restrained the defendant. The Supreme Court decided that as said order to appear and show cause and restraining the defendant does not decide or decree the issuance of the writ of injunction, and that as the hearing of the parties was set for a date three days prior to the auction sale which it was desired to suspend, and it does not appear that the petitioner was. prejudiced thereby, the issuance of the writ of *certiorari* is therefore improper.

The facts are stated in the opinion.

Mr. *Alfredo Arnaldo Sevilla* for petitioner.

MR. JUSTICE ALDREY delivered the opinion of the court.

Damián Monserrat Suro is prosecuting foreclosure proceedings under the Mortgage Law in the District Court of Mayagüez against The American Trading Company to recover an instalment of a mortgage credit. In such proceedings the said company was required to make payment, and the time granted them for the purpose having elapsed, the sale at public auction of the mortgaged property was ordered, the auction having been advertised for the 22d of the current month.

In the meantime The American Trading Company filed a complaint in the District Court of Ponce against Damián Monserrat Suro praying that the attachment levied and the advertisement of the auction obtained by Monserrat from the District Court of Mayagüez be annulled, and that the mortgage which guarantees the payment of promissory note No. 5, which is the credit Monserrat holds against the properties of The American Trading Company, be canceled.

At the same time that it filed this complaint The American Trading Company applied for a writ of preliminary injunction prohibiting Monserrat from continuing his proceedings

until a new order of the court should issue on the grounds that the indorsements on the notes are null, that if the foreclosure proceedings continue it will not have the opportunity to defend its rights, and for other reasons.

The court, on the 12th of this month, issued an order for Monserrat to appear on the 19th and show cause why the writ of injunction applied for should not issue, and in the meantime restrained the defendant.

Against this order, and for the purpose of annuling the same, Damián Monserrat Suro applied for a writ of *certiorari,* taking as grounds therefor the provisions of section 175 of the rules for the execution of the Mortgage Law.

The order against which the writ of *certiorari* is applied for does not decide nor decree the issuance of the writ of injunction; and as the hearing of the parties was set for a date three days prior to the auction which it was desired to suspend, in reality it does not appear that up to the present the petitioner has been prejudiced thereby, wherefore a writ of *certiorari* does not lie.

Moreover, if after the hearing of the parties the court issues the writ of injunction, the petitioner has the right to appeal from such decision.

For these reasons the application should be denied.

*Petition denied.*

Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.